CASE 66—ACTION BETWEEN JOHN WHITNEY AND H. A. WHITNEY, TO SETTLE A PARTNERSHIP.—MAY 14.·

# Whitney v. Whitney.

### APPEAL FROM KENTON CIRCUIT COURT.

FROM THE JUDGMENT JOHN WHITNEY APPEALS. REVERSED.

PARTNERSHIP—DISSOLUTION—ASSETS—LIST OF CUSTOMERS.

Held:   1. The list of names of customers of a firm of insurance agents with the dates of the expiration of the policies, is not an asset, which, on dissolution, the court may order to be sold by itself.

B. F. GRAZIANI, FOR APPELLANT.

The chancellor below in the settlement of the partnership matters of the firm, ordered the sale of what is considered by the appellant in this case the main and only valuable asset belonging to the partnership, to-wit, what is known to fire insurance as "expirations," which is the knowledge of when the policies that they have heretofore issued, expire on certain property; and John Whitney has appealed from this order.

The fixtures being desks, chairs and tables, are of very little consequence.    Appellant insists that when the "expirations" are sold, then and not till then should the other partnership assets, such as office furniture, fixtures, etc., be sold; that one sale, one advertisement should be made, and that the party buying the "expirations" will give more for the expirations and for the office fixtures, lease and place of business, than to divide and sell them by piecemeal.    We claim that the order of sale was premature until it could be determined whether or not "expirations" was a part of the partnership assets, and could be sold.    Certainly the place of business, leasehold and good will is so identified with the "expirations," that one has little value without the other.

Whitney v. Whitney.

### AUTHORITIES CITED.

Decisive of the issue in this case; Scottish Union & National Fire Insurance Co. v. Dangaix, 103 Ala., p. 394; vol. 8, Amer. Ency. of Law, pp. 1366-1371; vol. 17, Amer. Ency. of Law, p. 1184; Springfield Fire & Marine Insurance Co. v. Davis, 37 S. W., 582; Wm. Moses v. Union Central Life Ins. Co., 4 B. 214; Jacob Myers v. Knickerbocker Life Ins. Co., Cuyahoga Common Pleas Court of Cincinnati, Ohio; Phoenix Mutual Life Ins Co. v. Holloway, 51 Conn., 319; Tierney v. Klein, 67 Miss., 178.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

John Whitney and H. A. Whitney, as partners, for many years conducted an insurance agency under the firm name of John Whitney & Co., in Covington, Ky. For reasons satisfactory to themselves, they dissolved the partnership, and each instituted an action in the Kenton circuit court against the other for a settlement of the partnership affairs. Subsequently these two actions were consolidated, and by agreement an order was entered whereby George M. Keifer was appointed special commissioner in the consolidated actions, with the following powers and directions concerning the partnership assets: "The said special commissioner will forthwith take possession of the office, furniture and fixture of the firm of John Whitney & Co. He will take possession of the office of said firm and retain possession of said office until further orders. He will take possession of the horse, buggy and harness belonging to said firm, and will sell said horse, buggy and harness at private or public sale, for cash or on credit, as may seem best to him. He will take possession of all the books, accounts, and papers of said firm, and will allow the parties hereto to inspect said books at reasonable times and at his convenience. He will take and retain possession of all other properties and assets of said firm. The said firm has funds on deposit at the Farmers & Traders' National Bank and at the

Citizens' National Bank, Covington, Kentucky. The said commissioner will take possession of these funds, and the said banks will pay same to him, and this order shall be their warrant for so doing. Said commissioner will proceed to collect all debts and accounts due and to become due to said firm. These causes are now referred to said special commissioner. He will ascertain and report the assets and liabilities of the firm, the state of the accounts of said firm and each of the members thereof, and the amount due to each member of said firm from the net assets of said firm. He will fully settle all accounts and affairs of the partnership. This order, and each and every particular of the same, is agreed to by the parties, and is entered with their consent and on their motion." After the entry of this order, George M. Keifer executed bond as special commissioner, and took possession of the partnership assets of the firm of John Whitney & Co. On the 20th day of March, 1902, the following motion was made: "Now comes the plaintiff, H. A. Whitney, and the defendant in suit No. 5,985, of John Whitney, and moves the court for an immediate order of sale of the office, daily reports, expirations and records of same, of John Whitney & Co." This motion having been submitted to the court on the 14th day of April, 1902, the following judgment was rendered: "The office expirations of the firm of John Whitney & Co. constitute an asset of the firm. John Whitney and H. A. Whitney have an equal interest therein. A motion for an order of sale of these expirations is sustained, and the order of sale therof will be entered." In pursuance of this judgment, on the 18th day of April, 1902, the office expirations of the firm of John Whitney & Co. were ordered to be sold by the special commissioner at public sale, upon

the terms and conditions set forth in the order, to all of which John Whitney excepted and prayed an appeal.

The office expirations directed to be sold by the special commissioner are no more or less than a list of the names of the customers of the firm of John Whitney & Co. who have insured property through the agency of the firm, with the date of expiration of the policy of each customer. It is not pretended that the firm, or any member thereof, has any beneficial interest or property right in the contracts of insurance held by these customers. They have no control over the policies, nor any right to demand that they shall be renewed at the date of their expiration; nor have they any power or authority to demand that the insurance company issuing the policies shall renew them at the date of expiration. These expirations, then, which the order of the court seeks to sell, amount to no more than information as to what the firm has done in the past. The court can neither guaranty or convey any right with regard to it. It can neither require the patrons to renew their policies, nor the insurance companies to accept the business, should the patrons desire to renew. All that the purchaser of this list of names and dates could possibly secure would be the opportunity to solicit business from the old customers of the dissolved firm. We do not think that this list of names and dates amounts to an asset of the firm which is capable of sale. The court could not prevent either member of the firm from soliciting business from their former patrons. It seems to us that the members of the dissolved firm have equal right to possession of the list of expirations, as well as equal right and opportunity to solicit the patronage of their former customers. This is not the sale of the good will of the firm, but the sale, merely, of the information shown by the books. We have been cited to no case which

upholds the principle that the list of names of a firm's customers may, upon dissolution, be sold as an asset. We have no doubt that the business agency, as a whole, including the good will of the firm, leasehold of the office, furniture and books, and, along with it the information sought to be sold in the order complained of, constitutes an asset which may be sold and conveyed to a purchaser by the court; but to detach the list of names of the firm's customers, with the dates of expiration of their respective policies, and sell it separately, would be the doing of a vain and useless thing.

Wherefore the judgment is reversed.